UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-1697-B |
| | § | |
| FFE TRANSPORTATION SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion for Summary Judgment (doc. 24), filed on March 29, 2013 by Defendant FFE Transportation Services, Inc. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

### I.

### BACKGROUND

Plaintiff Willie Coleman was employed as a forklift operator for Defendant FFE Transportation Services, Inc., from January 3, 2007 until June 4, 2010. Doc. 2, Compl. ¶ 6. In the fall of 2009, Plaintiff's wife was diagnosed with cancer and treated with chemotherapy. *Id.* ¶ 8. Plaintiff requested and was granted leave under the Family Medical Leave Act to take his wife to her cancer treatments and related medical appointments beginning on October 26, 2009. *Id.* ¶¶ 9, 11. Plaintiff alleges that he provided Defendant with a schedule of the appointments and the times he was taking leave. *Id.* ¶ 12. Plaintiff further alleges that, despite his granted leave request and despite the notice of his absences, he was frequently reprimanded for taking leave. *Id.* ¶¶ 14-15, 17. Defendant counters that Plaintiff was reprimanded for his excessive tardies and absences occurring

1

prior to his approved leave. Doc. 24, Mot. at 3.

The parties dispute an incident on approximately June 1, 2009 that led to Plaintiff's termination. Doc. 2, Compl. ¶ 19. According to Plaintiff, at the end of his night shift he noticed that an industrial light bulb[1] at the workplace dock was burnt out. *Id.* Plaintiff changed the bulb, started to throw the light bulb in a trash can, remembered that he was recently reprimanded for discarding trash in the trash cans after the night crew had emptied the trash, and ultimately threw the bulb away in the men's bathroom. *Id.* Defendant, on the other hand, asserts that the light bulb was in working condition because it had been changed recently, that Plaintiff never threw the light bulb away but stole it, and that other light bulbs had recently gone missing from the dock. Doc. 24, Mot. at 5-6. The parties agree that Plaintiff's co-employee, Rufus Martin, reported the alleged theft to an upper-level supervisor, Jerry Smith, who in turn recommended to Vice Presidents Jeff Kerbo and Joe Jaska that Plaintiff be terminated. Kerbo and Jaska made the ultimate decision to end Plaintiff's employment. Defendant contends that it terminated Plaintiff's employment due to theft, while Plaintiff contends that the termination was in retaliation for taking FMLA leave and that the allegations of theft are untruthful, serving as mere pretext for the underlying retaliatory animus.

Plaintiff filed a Complaint (doc. 2) against Defendant on June 1, 2012, alleging employer retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* The Complaint seeks a range of damages, interest, costs, and attorney's fees. Doc. 2, Compl. ¶ 31.

On March 29, 2013, Defendant filed a Motion for Summary Judgment (doc. 24). The Motion has been fully briefed and is now ripe for review.[2] This Court has original jurisdiction pursuant to 28

---

[1] Plaintiff estimates that the light bulb was worth approximately $10. Doc.34, Resp. at 4.

[2] The Court notes that it accepts Defendant's request to supplement the summary judgment evidence with an appendix to its Reply brief. *See* doc. 47, Reply at 2; doc. 47-1.

U.S.C. § 1331.

## II.

## LEGAL STANDARDS

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). Accordingly, Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id*.

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Id*. Nevertheless, a non-movant may not simply rely on the Court to sift through the record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that

3

evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant does provide must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This evidence must be such that a jury could reasonably base a verdict in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

The FMLA was enacted, in part, to allow employees to take reasonable leave from their employment for medical reasons. 29 U.S.C. § 2601(b)(2). The FMLA contains two distinct provisions to effectuate this purpose. First, the FMLA creates a series of entitlements or substantive rights for employees taking leave under the Act. *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 580 (5th Cir. 2006) (citing *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999)). Claims for violation of the these rights invoke entitlement or interference theories and are brought under 29 U.S.C. § 2615(a)(1). *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004). Second, the FMLA contains a proscriptive provision that protects employees from retaliation for exercising their rights, under § 2615(a)(2). *Id.*

Plaintiff's Complaint alleges a claim for retaliation under the FMLA. Doc. 2, Compl. ¶¶ 22-28. Where, as here, there exists no direct evidence of discriminatory intent, the Fifth Circuit applies the familiar *McDonnell-Douglas* burden-shifting framework to claims of retaliation under the FMLA. *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005) (citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Powers v. Woodlands Religious Cmty., Inc.*, 323 F. App'x 300, 302 (5th Cir. 2009); *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). Under

this framework, the employee must first meet his burden of establishing a *prima facie* case of retaliation. *Hunt*, 277 F.3d at 768. If the employee succeeds in making a *prima facie* case, the burden of production (though not persuasion) shifts to the employer to "articulate a legitimate, nondiscriminatory or non-retaliatory reason" for its action. *Id*. If the employer does this, the burden swings back to the employee to produce evidence sufficient to support a finding by the preponderance of the evidence that the employer's reason for its conduct is a pretext for retaliation. *Id*.; *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 403 (5th Cir. 2001).

Defendant moves for summary judgment, alleging (1) that Plaintiff cannot establish a *prima facie* claim for FMLA retaliation because Defendant is not his employer, (2) that Plaintiff fails to assert a *prima facie* case of retaliation because he cannot establish a causal link between his FMLA leave and his termination, and (3) that even if a *prima facie* case exists, Defendant had a legitimate, nondiscriminatory reasoning for terminating Plaintiff. Doc. 24, Mot. at 1. Plaintiff opposes each argument. The Court analyzes the Motion and each of Defendant's arguments under the *McDonnell-Douglas* burden-shifting framework, below.

A.      *Prima Facie Case*

To make a *prima facie* case of retaliation under the FMLA, the employee must present evidence that (1) he was protected under the FMLA, (2) he suffered an adverse employment action, and (3) the adverse action was made because he took FMLA leave. *See Hunt*, 277 F.3d at 768. To establish the first element, protection under the FMLA, Plaintiff must present evidence both that he is an eligible employee and that Defendant is a covered employer. *See Burris v. Brazell*, No. 3:06-CV-0814-K, 2008 WL 5220578, at *2 (N.D. Tex. Dec. 15, 2008).

The parties agree that Plaintiff was an eligible employee under the FMLA and that he suffered an adverse action, namely, termination of employment. Defendant, however, contends that

Plaintiff is unable to prove a *prima facie* case of retaliation for two reasons: first, that Defendant is not Plaintiff's employer, and second, that Plaintiff cannot establish a causal link between his termination and his FMLA leave. Doc. 24, Mot. at 1.

    1.    <u>Employer-Employee Relationship</u>

The FMLA defines the term "employer" to include, *inter alia*, "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The Fifth Circuit looks to the FLSA when interpreting the reach of the term "employer" under the FLMA. *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) (noting the similarity of the definitions of "employer" under the FMLA and the FLSA when analyzing the reach of individual liability under the FMLA); *see also Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 628 (S.D.N.Y. 1996) (holding that "the definition of 'employer' in Title VII . . . differs from that used in the FMLA, which tracks verbatim the definition used in the FLSA"). Whether an individual is an "employer" is a question of law. *Castillo v. Givens*, 704 F.2d 181, 187 n.12 (5th Cir. 1983), *cert. denied* 464 U.S. 850; *Parker v. ABC Debt Relief, Ltd.*, 3:10-CV-1332-P, 2013 U.S. Dist. LEXIS 12859, at *9 (N.D. Tex. Jan. 28, 2013); *Trevino v. UPS*, No. 3:08-CV-889-B, 2009 U.S. Dist. LEXIS 92416, at *14 (N.D. Tex. Oct. 5, 2009).

In disputing that it is Plaintiff's employer, Defendant's Motion merely states that "FFE did not employ him and therefore was not Coleman's 'employer.'" Doc. 24, Mot. at 9. Defendant cites an incomplete portion of Plaintiff's deposition which appears to indicate that Plaintiff's resume stated (and he admitted) that he was employed by "Conwell Corp.," an affiliate of Defendant, during some of the relevant time period. Doc. 24-1, App. at 54. Although not cited in its Motion on this issue, Defendant also includes in its summary judgment evidence an affidavit of Jeff Kerbo, Defendant's Vice President of Human Resources, stating that he terminated Plaintiff, that he makes termination

decisions of both Defendant and Conwell Corporation, and that Plaintiff was an employee of Conwell Corporation. Doc. 24-1, App. at 98-99. Defendant next provides an affidavit of Joe Jaska, Vice President of LTL Operations for Defendant, stating that he concurred with Plaintiff's termination, that he makes termination decisions for Defendant and Conwell Corporation, and that Plaintiff was an employee of Conwell Corporation. Doc. 24-1, App. at 100-101.[3] Defendant also submits a personnel/payroll change order form indicating that "Conwell Dock" applies to Plaintiff's new hire employment status. Doc. 24-1, App. at 6.

Plaintiff provides summary judgment evidence in response that: (1) he was under the control of Defendant, managed by Defendant's employees, and expected to follow Defendant's rules, doc. 34, Resp. at 10; (2) Plaintiff requested and received his FMLA leave from Defendant and not Conwell[4]; (3) Defendant could make the decision to discipline or terminate an employee without input from Conwell, doc 34-1, Ex. F., Smith Dep. at 17; (4) Plaintiff's personnel/payroll change order regarding return from leave indicated that Defendant and not the Conwell entities applied to Plaintiff's employment status, doc. 34-1, Ex. J; (5) Plaintiff's employment separation form was from Defendant, doc.34-1, Ex. L; and (6) emails discussing Plaintiff's termination are from Defendant's manager and human resources (doc. 34-1, Ex. N). Indeed, Defendant's own summary judgment evidence includes performance reviews of Plaintiff from Defendant (doc. 24-1, App. at 17) and termination documents from Defendant (doc. 24-1, App. at 31). Plaintiff also states that Defendant

---

[3] Plaintiff objects to the Kerbo and Jaska affidavits on several bases. Doc. 34, Resp. at 22-23. The hearsay objections are moot because the Court does not rely on those portions of the affidavits objected to. The objections that the allegations are conclusory and not based on personal knowledge are denied.

[4] Defendant alleges that Conwell, and not Defendant, approved Plaintiff's leave and cites a document in its appendix purporting to indicate the same. Doc. 24-1, App. at 25. That document, however, does not indicate which entity completed it. Plaintiff, on the other hand, provides a U.S. Department of Labor FMLA certification form, which indicates that his employer is Defendant, doc. 34-1, Ex. E, and an email from Defendant's Human Resources staff including an FLMA form. Doc. 34-1, Ex. I.

7

has judicially admitted that it is Plaintiff's employer in a separate case.[5]

Although Plaintiff bears the ultimate burden at trial of demonstrating that Defendant is his employer, it is crucial to bear in mind that, at the summary judgment stage, it is Defendant who has the burden to prove that there is no dispute of relevant fact and that Plaintiff will not be able to prove that Defendant is his employer as a matter of law. *Celotex Corp.*, 477 U.S. at 323-24; *Latimer*, 919 F.2d at 303. Plaintiff submits two possible tests for determining whether an entity constitutes an employer: the single employer/integrated enterprise test, *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983), or the joint employer test, *N. Am. Soccer League v. NRLB*, 613 F.2d 1379, 1382 (5th Cir. 1980). *See* doc. 34, Resp. at 11. Defendant does not take a position with respect to which test applies. *See* doc. 47, Reply at 6. The Court need not decide which test applies, however, because Defendant has failed to meet its summary judgment burden on this issue. *See also Parker*, 2013 U.S. Dist. LEXIS 12859, at *8-9 (examining "economic reality" test to determine employer status under the FLSA). There is ample evidence in the record that Defendant was Plaintiff's employer and the parties dispute the other evidence on this issue. The Court cannot say that, on the record before it, Defendant has proved as a matter of law that there is no genuine issue of fact that Defendant is Plaintiff's employer. The Court therefore denies summary judgment to Defendant on this basis.

2. Causal Link

In making a *prima facie* case for FMLA retaliation, Plaintiff "must present evidence linking the adverse employment action to the exercise of FMLA rights." *Trevino*, 2009 U.S. Dist. LEXIS 92416, at *18. Plaintiff must specifically offer evidence that the individuals making the adverse

---

[5]Defendant disputes that Plaintiff is permitted to bring evidence arising from these separate proceedings. Doc. 47, Reply at 1-2. The Court need not resolve the objection, however, because it does not rely on that action or any of the documents therein in concluding that Defendant has not met its summary judgment burden of showing that no genuine issue of material fact exists and that as a matter of law Defendant is not Plaintiff's employer.

employment decision knew of his FMLA leave. *See id.*; *Burris v. Brazell*, No. 3:06-CV-0814-K, 2008 U.S. Dist. LEXIS 100855, at *7 (N.D. Tex. Dec. 15, 2008). "[E]stablishing a causal link is not an onerous burden." *Tapia v. Michaels Stores, Inc.*, 553 F. Supp. 2d 708, 714 (W.D. Tex. 2008). "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation." *Swanson v. GSA*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citing *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir.1993)); *McCoy v. City of Shreveport*, 492 F.3d 551, 561 n.28 (5th Cir. 2007).

Defendant contends that it is entitled to summary judgment because Plaintiff cannot establish a causal link between his FMLA leave and termination. Doc. 24, Mot. at 10-11. Specifically, Defendant notes that the two people who made the decision to terminate Plaintiff, Kerbo and Jaska, were unaware that Plaintiff was on intermittent FMLA leave. *Id.* at 10 (citing doc. 24-1, App. at 99 (Kerbo Aff. ¶ 8), 100 (Jaska Aff. ¶ 6)). Defendant also notes that Plaintiff admitted that Smith, who recommended Plaintiff's termination, did not act with discriminatory animus. *Id.* (citing doc. 24-1, App. at 58 (Coleman Dep.)).

Plaintiff responds that because some individuals in the company, including the Human Resources staff, were aware that Plaintiff was taking FMLA leave, that knowledge is imputed to the "employer," generally, and Defendant cannot claim that its decision makers had no knowledge of Plaintiff's FMLA status. Doc. 34, Resp. at 12-13. Plaintiff's argument fails as a matter of law, because knowledge of the FMLA leave by the decision maker is required to establish a causal connection (except in the circumstance described below). *See Burris*, 2008 U.S. Dist. LEXIS 100855, at *7.

Second, Plaintiff alleges that Smith, who recommended that Plaintiff be terminated, knew of his FMLA leave. Doc. 34, Resp. at 13-15. He asserts a "cat's paw" theory, arguing that because Smith knew of the FMLA leave and was the person who controlled the theft "investigation" and

9

recommended termination to the decision makers, Defendant can be liable even if the decision makers did not have a discriminatory animus. *Id.* at 14-15 (citing *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1192 (2011)).

To assert a valid cat's paw theory, "a plaintiff must establish two conditions: (1) that a co-worker exhibited retaliatory animus and (2) that the same co-worker possessed leverage, or exerted influence, over the titular decisionmaker." *Evans v. Tex. DOT*, 547 F. Supp. 2d 626, 656 (E.D. Tex. 2007) (citing *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir. 2004)). "When the person conducting the final review serves as the 'cat's paw' of those who were acting from retaliatory motives, the causal link between the protected activity and adverse employment action remains intact." *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002).

Defendant persuasively indicates that although Smith was aware of Plaintiff's FMLA leave, Plaintiff does not even allege–and, indeed, *expressly disclaims*–that Smith acted with discriminatory animus. Doc. 47, Reply at 9-10. Plaintiff alleges in his summary judgment briefing only that Smith was aware of his FMLA leave. In his deposition, Plaintiff admitted he was "not alleging" that Smith recommended termination because Plaintiff was taking FMLA leave. Doc. 24-1, App. at 58 (Coleman Dep.). Given Plaintiff's failure to present a dispute of fact or law on whether Smith harbored a discriminatory animus in his summary judgment briefing, Plaintiff's cat's paw theory fails. Further, although Plaintiff mentions that other supervisors below Smith knew of Plaintiff's FMLA leave and harassed him about it, Plaintiff has not alleged that those supervisors played a role in his termination. Plaintiff also does not allege that Martin, who reported the theft, had a discriminatory animus.

Because Plaintiff provides no valid theory indicating that the individuals who made the decision to terminate him knew of his FMLA leave, he cannot show a causal link between his FMLA

leave and his termination. The Court therefore **GRANTS** summary judgment to Defendant on this basis.

For the sake of argument, the Court will nonetheless continue with the analysis of Plaintiff's claim under the *McDonnell-Douglas* framework.

B.   *Legitimate, Non-Discriminatory Reason*

Once Plaintiff has established a *prima facie* case of FMLA retaliation, the burden of production shifts to Defendant to articulate a legitimate, non-discriminatory reason for terminating Plaintiff and to support that theory with admissible evidence. *Tapia*, 553 F. Supp. 2d at 714. Defendant alleges that it terminated Plaintiff for stealing a light bulb. Doc. 24, Mot. at 13. Defendant supports its allegations with summary judgment evidence in the form of Martin's deposition testimony. Doc. 24-1, App. at 91-95. Martin testified that he had recently changed the light bulb at issue, knew the light bulb was in order, and witnessed Plaintiff remove the light bulb. *Id.* He also testified that other light bulbs had gone missing from the dock. *Id.* Defendant also submits as summary judgment evidence a surveillance video which allegedly shows Plaintiff removing the light bulb and passing several trash cans without throwing the bulb away.

The Court concludes that Defendant has satisfied its burden of producing evidence of a legitimate, nondiscriminatory reason for its decision to terminate Plaintiff in that it believed he stole a light bulb.

C.   *Pretext*

Given that Defendant has met its burden of demonstrating a legitimate, non-discriminatory reason for Plaintiff's termination, the burden shifts back to Plaintiff to demonstrate by a preponderance of evidence that Defendant's allegations of theft are pretext for retaliation. *See Hunt*, 277 F.3d at 768.

Plaintiff offers several reasons why the purported theft is mere pretext masking a discriminatory animus: First, Defendant's allegations that Plaintiff stole a $10 light bulb are false and therefore there was no valid reason for Plaintiff's termination. Second, Plaintiff points to comments made by supervisors and a "write-up" chastising him for taking FMLA leave. Doc. 34, Resp. at 15-19.

As to the first argument, Defendant relies on a surveillance video and report from Martin, both of which allegedly indicate that Plaintiff stole a light bulb. Doc. 24, Mot. at 13; doc. 47, Reply at 11. Plaintiff points out that the surveillance video is blurry and does not show Plaintiff stealing anything. Doc. 34, Resp. at 17. Plaintiff also points to inconsistencies in Martin's affidavit, admitted mistakes in the affidavit, and the fact that Martin does not allege that he knows whether Plaintiff stole the light bulb. *Id.* at 17-19. It is true that, in considering whether an employer's reason for an adverse employment action is a pretext for discrimination, the question is whether the employer's reason, even if incorrect, was the real reason for its actions. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002). In cases where the employer has conducted an investigation into possible misconduct by the employee, courts are not concerned with whether the employee actually did what was alleged, but instead must determine whether the employer reasonably believed in good faith that the employee took the alleged action. *Waggoner v. City of Garland*, 987 F.2d 1160, 1165-66 (5th Cir. 1993). Nonetheless, the Court is convinced that there remain genuine issues of material fact and credibility relating to the alleged theft and investigation, so the Court is unable to determine at this stage whether Defendant reasonably believed that Plaintiff stole a light bulb.

As to the second issue, Plaintiff alleges that he was harassed by his supervisors after requesting time off in November 2009 to care for his wife and that his supervisors issued an untimely write-up, which complained about Plaintiff's total absences in 2009. Doc. 34, Resp. at 21. Plaintiff then alleges that he received FMLA approval, which was made retroactive, but that his supervisors continued

to harass him about taking leave after it was approved up until the time that he was terminated. *Id.* (citing doc. 34-1, Ex. A (Coleman Dep. at 34-45)). Defendant disputes that these conversations took place and disputes that they are relevant to the pretext analysis. Doc. 47, Reply at 14. The Court determines that there are, again, genuine issues of material fact related to this matter.

The Court therefore concludes that, if Plaintiff had been able to present a *prima facie* case of retaliation, the Court could not grant summary judgment to Defendant because there are genuine issues of material fact related to pretext and because Defendant has not shown that it is entitled to judgment as a matter of law at the pretext stage.

However, the Court has determined, *supra*, that Defendant has shown that the evidence does not support a *prima facie* case of retaliation under the FMLA. Accordingly, the Court agrees that Defendant is entitled to summary judgment.

### IV.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment (doc. 24). Because this order resolves the only claim in this case, the pending Motions in Limine (docs. 40 and 43) are **DENIED AS MOOT.**

**SO ORDERED.**

**SIGNED: May 9, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE