UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-1697-B |
| | § | |
| FFE TRANSPORTATION SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is a Motion for a New Trial (doc. 53), filed on June 20, 2013 by Plaintiff Willie Coleman. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### I.

### BACKGROUND

Plaintiff filed a Complaint (doc. 2) against Defendant FFE Transportation Services, Inc. on June 1, 2012, alleging employer retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* The Complaint sought a range of damages, interest, costs, and attorney's fees. Doc. 2, Compl. ¶ 31.

On March 29, 2013, Defendant filed a Motion for Summary Judgment (doc. 24), seeking summary judgment on Plaintiff's FMLA claim. The Court issued a Memorandum Opinion and Order on May 9, 2013 granting summary judgment to Defendant. Doc. 48, Mem. Op. & Order. After the final judgment was entered, the Clerk of Court taxed costs against Plaintiff in the amount of $3,559.52. Doc 52. On June 20, 2013, Plaintiff filed a Motion for New Trial (doc. 53), requesting

that the Court reconsider its summary judgment order. Defendant filed its Response (doc. 54), and Plaintiff failed to file a Reply within the deadline for doing so. The Motion is now ripe for review.

## II.

## LEGAL STANDARDS

Plaintiff filed a "Motion for New Trial" under Federal Rule of Civil Procedure 59, but did not state which subsection of Rule 59 applied to his request. Motions requesting a "new trial" are reviewed under Rule 59(a). Rule 59(a), however, allows for a new trial only after a trial has already taken place. Because no trial was held in this case, Rule 59(a) does not apply. Instead, Rule 59(e) governs motions to alter or amend a judgment, which permits a movant to challenge a judgment that has been granted in the absence of a trial. Plaintiff seeks review of the Court's Memorandum Opinion and Order (doc. 48) granting summary judgment, so Rule 59(e) appears to provide a more appropriate avenue for raising Plaintiff's request.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)); *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404 (5th Cir. 2013). Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-CV-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005); *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008). As such, the motion to alter or amend the judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir.

2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. A district court has "considerable discretion" in deciding whether to reopen a case. *Id.*

### III.

### ANALYSIS

Plaintiff filed this Motion for New Trial, asking the Court to reconsider the decision to grant summary judgment to Defendant on the only claim raised in the Complaint, Plaintiff's FMLA claim. Defendant opposes this request.

A movant may achieve relief under Rule 59(e) if he demonstrates the existence of newly discovered evidence which was not available at the summary judgment stage. Plaintiff's Motion for New Trial primarily asserts that the Court did not adequately review the depositions of Jerry Smith and Plaintiff. Neither deposition was "newly discovered" evidence, as both were available to Plaintiff at the summary judgment stage and, indeed, even cited by Plaintiff in his Response to Defendant's summary judgment motion. Rule 59(e) therefore cannot offer Plaintiff relief on this basis. *See Arrieta v. Local 745 of Int'l Bhd. of Teamsters*, 445 F. App'x 760, 763 (5th Cir. 2011) (district court did not abuse its discretion when denying Rule 59(e) motion on the basis that the deposition evidence pointed to in the Rule 59(e) motion was not new evidence but was available at the summary judgment stage).

The Court need not review the depositions further after determining that they are not "newly discovered." However, it is worth pointing out that, in his Motion for New Trial, Plaintiff cites portions of the deposition testimonies that he never cited in his summary judgment response. Specifically, in his Motion for New Trial, Plaintiff cites page 63 line 9 through page 64 line 19 of

Smith's deposition to support a "cat's paw" theory of liability involving a supervisor, Abraham Carrillo, whom Plaintiff now claims had a discriminatory animus against Plaintiff and influenced Defendant's decision to terminate Plaintiff. Doc. 53, Mot. at 6-7. Plaintiff cited Smith's deposition several times in his summary judgment response but never pointed the Court to these particular pages/lines or to the substance Plaintiff now claims is so crucial to his case.[1] Similarly, in his Motion for New Trial, Plaintiff points to pages 37 through 39 and 64 through 67 of his own deposition to support the "cat's paw" theory of liability related to Carrillo. Doc. 53, Mot. at 6-7. Again, Plaintiff did not cite to these pages of his deposition in his summary judgment response.[2] At the summary judgment stage, it is not the duty of the Court to sift through the record, but rather it is the summary judgment non-movant's burden to point the Court to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Plaintiff failed to do this. More importantly, Plaintiff belatedly raised this cat's paw theory related to Carrillo for the first time in his Motion for New Trial. Plaintiff had a duty to present all of his evidence and arguments at the summary judgment stage, and Rule 59 cannot be used to get a second bite at the apple under these circumstances. *See Templet*, 367 F.3d at 479.

Additionally, Plaintiff does not appear to raise any error of law, change in the law, or issue of manifest injustice warranting an amended judgment under Rule 59(e). To the extent he has attempted to argue legal error in that the Court did not adequately review the summary judgment

---

[1] In his summary judgment response, Plaintiff did cite page 63, but only pointed the Court to lines 1 through 4 and did so for an issue unrelated to a Carrillo-centered cat's paw theory. *See* doc. 34, Resp. at 12.

[2] In his summary judgment response, Plaintiff did twice cite to pages 34 through 45 of his deposition generally, in support of his assertion that he was harassed and subjected to a hostile work environment. *See* doc. 34, Resp. at 3, 21. He did not, however, cite to pages 37 to 39 of his deposition for anything as specific as a cat's paw theory related to Carrillo.

evidence in support of his legal theories, the Court rejects that argument for the reasons stated above. Further, the Court's decision that Rule 59(e)'s extraordinary remedy does not apply in this case is bolstered by Plaintiff's own language in his Motion, asking that the Court "reconsider" its summary judgment ruling, "re-examine the evidence" cited in Plaintiff's summary judgment response, "reconsider additional evidence [in the depositions] . . . to the extent this Court has not previously considered it," and "reconsider the facts, evidence, and argument made by Plaintiff in the Response to Defendant's Motion for Summary Judgment along with the additional facts and evidence." Doc. 53, Mot. at 2, 6-8. Plaintiff's admission that he is seeking "reconsideration" of the Court's order and attempting to provide more evidence that was available during summary judgment demonstrates that Rule 59(e) relief is not warranted here. *See Templet*, 367 F.3d at 478-79.

In conclusion, Plaintiff has not raised "newly discovered" evidence to support his Motion for New Trial and the Court discerns no legal error in its order granting summary judgment. Further, even if the Court were to review whether it properly considered the deposition testimony that Plaintiff now points to in his Motion for New Trial, that evidence was not specifically cited in his summary judgment response, and it is used to support a legal argument which Plaintiff did not raise at the summary judgment stage.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for New Trial (doc. 53).

**SO ORDERED.**

**SIGNED: July 29, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE